# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY STOCKER MINA,

*Plaintiff,*

v.

CHESTER COUNTY, *et al*

*Defendants.*

CIVIL ACTION

NO. 18-02455

**PAPPERT, J.**                                                        **November 2, 2018**

## MEMORANDUM

Anthony Stocker Mina is a prolific *pro se* litigant, well known to this Court, the Third Circuit Court of Appeals and the court system in his native Chester County. Over the last several years, Mina has filed numerous lawsuits in federal court against Chester County, its District Attorney, judges, courts, offices, departments, local officials, Townships and members of the Chester County bar. The lawsuits are variations on the same theme—that these defendants have long conspired against him to deny him due process, frustrate his efforts to reveal corruption, damage his reputation or just generally make his life more difficult. Each prior lawsuit has been thrown out and the dismissals all affirmed by the Third Circuit. This most recent iteration of Mina's crusade repeats (often verbatim) many of the same allegations and fares no better than its failed predecessors.

All Defendants have filed motions to dismiss Mina's Amended Complaint. (ECF Nos. 40, 42, 43, 44, 46, 47, 48.) In addition, Chester County, Tom Hogan, William Handy, Mark A. Murray, Leonard Rivera and MacElree Harvey, LTD. ask the Court to

enjoin Mina from filing any further pleadings against them without leave of Court. The Court grants the Defendants' motions and dismisses the case with prejudice because Mina's claims are, among many other things, frivolous, precluded by *res judicat*a and/or time-barred. The Court also enters the appropriate filing injunction.

## I

This is Mina's fifth lawsuit centered on the alleged conspiracies against him in Chester County and the ninth overall filed in the Eastern District over the past five years. Mina's unrelenting litigiousness forms the backdrop for this most recent effort, so the Court recounts his prior lawsuits, drawing heavily from the Court's Memorandum Opinion in *Mina v. Chester Cty.*, No. CV 15-05452, 2016 WL 4039651 (E.D. Pa. July 28, 2016). A common theme emerges: whoever disagrees with Mina (the Court included) finds themselves on the business end of his next lawsuit.

## A

Mina filed his first suit in federal court on December 27, 2013. *See Mina v. Chester County Court of Common Pleas*, No. 13-cv-07622 (E.D. Pa. Dec. 27, 2013) ("the First Action"), (ECF No. 1.) The original Complaint named 41 defendants, including the Court of Common Pleas of Chester County ("Court of Common Pleas"), seven judges and various employees of the Court of Common Pleas, the West Chester Police Department, two public defenders, two newspapers, three private attorneys and a web design company. (ECF No. 3 at 1–2.) Many of those defendants, including Tom Hogan, William Handy, Dawson Richard Muth and William Kraut are also defendants in the current case. Mina alleged, *inter-alia*, various civil rights violations and conspiracy claims, all stemming from the handling of his criminal and civil cases in the Court of

Common Pleas. (*Id.* at 138–40.) The events surrounding the allegations took place between 1996 and 2013. (*Id.*)

On January 6, 2014, Judge Restrepo granted Mina's Motion to Proceed *in Forma Pauperis*, allotting him thirty days to file an amended complaint and closing the case for statistical purposes. (ECF No. 2 at 1.) In his Order, Judge Restrepo noted that federal courts do not have jurisdiction to review a state court decision. (*Id.* at 2.) On February 4, 2014, Mina filed both a Motion for Relief from Judgment and an Amended Complaint. (ECF Nos. 4–5.) The Motion for Relief from Judgment requested that Common Pleas Court Judge Mark Tunnell's Order in a state court case be reversed and that the remainder of the action be heard in our Court. (ECF No. 4.) The Amended Complaint, largely a reflection of the original Complaint, added Judge Restrepo as a defendant. (ECF No. 5 at 2.) Mina claimed that Judge Restrepo violated his due process rights by marking the case as closed "without any hearing or discovery." (*Id.* at 2.) The case was reassigned from Judge Restrepo to Judge Goldberg on February 12, 2014. (ECF No. 6.)

After the case was transferred to Judge Goldberg, Mina filed four Motions for Relief from Judgment, which mirrored his February 4, 2014 motion. (ECF Nos. 4, 8, 14, 42.) On July 21, 2014, Judge Goldberg issued an Order and Opinion dismissing the First Action as frivolous pursuant to 28 U.S.C. Section 1915(e) and revoking Mina's access to the Electronic Document Filing ("ECF") System. *See Mina v. Chester Cty. Court of Common Pleas*, No. 13-cv-7622, 2014 WL 3639132, at *1–3 (E.D. Pa. July 21, 2014), *aff'd sub nom.*, No. 14-4620, 2016 WL 3743180 (3d Cir. July 13, 2016).

After the First Action's dismissal, Mina filed four additional Motions for Relief from Judgment, seeking relief from both state court decisions and Judge Goldberg's decision dismissing the First Action. (ECF Nos. 48–49, 51, 53.) Mina also appealed Judge Goldberg's decision, which the Third Circuit affirmed. *See Mina v. Chester Cty. Court of Common Pleas*, No. 14-4620, 2016 WL 3743180, at *1–2 (3d Cir. July 13, 2016).

B

On October 31, 2014 Mina filed a nearly identical lawsuit against the Chester County Court of Common Pleas and 46 other defendants. *See Mina v. Chester County*, No. 14-cv-06261 (E.D. Pa. Oct. 31, 2014) ("the Second Action"). The case was eventually assigned to Judge Smith on November 20, 2014. (ECF No. 3.) Mina proceeded to file a "Motion for Defendant to Immediately Compensate Plaintiff" (ECF No. 38) and a Motion for ECF Access. (ECF No. 39.) Mina also filed for "default judgment" twice— though had not filed for entry of default—against several of the defendants. (ECF Nos. 61, 76.) On July 24, 2015, Judge Smith ordered that the Clerk of Court set aside all of the defaults and prohibit Mina from filing any further requests for default against any of the defendants until further Court order to "abate manifest injustice and forestall further abuse of this court's procedural rules." (ECF No. 78 at 3.)

Mina filed a Motion for Judge Smith's recusal on August 3, 2015, contending that Judge Smith was "retaliating against" Mina for "exposing the malfeasance" of the defendants. (ECF No. 83 at 1.) He also filed three other motions within days of his Motion for Recusal, all of which sought relief from Judge Smith's July 24, 2015 Order. (ECF Nos. 85–86, 89.) The Government filed a second Statement of Interest on August 17, 2015, which again urged the Court to dismiss the claims against Judges Restrepo

and Goldberg.  (ECF No. 94.)  Mina filed five more motions, including ones seeking sanctions against former Pennsylvania Governor Tom Corbett and reconsideration of Judge Smith's July 24, 2015 Order.  (ECF Nos. 100, 102–105.)  Mina also filed countless motions and notices which, among other things, requested that Judge Smith vacate his July 24, 2015 Order and recuse himself from the case.  (ECF Nos. 114, 116, 120–23, 125–127,129, 131, 135–37, 139–40, 142, 144–54.)

On October 29, 2015 Judge Smith dismissed the case without prejudice for lack of subject matter jurisdiction and denied the remainder of Mina's motions as moot (ECF Nos. 158–59.)  Mina responded with a slew of motions and notices seeking, among other things, relief from Judge Smith's October 29 Order.  (ECF Nos. 160–162, 164, 166–67, 169, 171–73, 175–77, 179, 183–84.)  On December 31, 2015, Mina appealed Judge Smith's October 29, November 10 and December 1, 2015 Orders which denied Mina's Motions for Reconsideration and Relief from Judgment, respectively.  (ECF Nos. 185–86.)  After Mina's appeal, he filed 16 notices on the docket.  (ECF Nos. 188–89, 191–204.)  The Third Circuit affirmed the district Court's ruling, finding "Mina's claims . . . 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion.'"  *Mina v. Chester Cty.*, 679 F. App'x 192, 195 (3d Cir. 2017) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

## C

On October 1, 2015 Mina filed his third complaint against 62 defendants.  *See Mina v. Chester County*, No. 15-cv-05452 (E.D. Pa. Oct. 1, 2015) ("the Third Action"). The case was assigned to Judge Ditter.  All 42 of the defendants named in the First

Action were also named in the Third Action, including many of the defendants in the current case, such as Chester County, Hogan, Handy, Murray, Rivera, Muth and Kraut. (ECF No. 1 at 1–3.)  The Complaint alleged the same civil rights violations and conspiracy as those in the First and Second Actions.  (*Id.* at 154–57.)  Mina subsequently filed a Motion for ECF Access on October 7, 2015.  (ECF No. 3.)

On October 26, 2015 several of the defendants who were also named in the Second Action filed a Motion to Stay the Proceedings in the Third Action.  (ECF No. 8.)  Those defendants argued that the complaint in the Third Action was "functionally identical" to the Complaint in the Second Action and that "this matter is a transparent attempt by [Mina] to circumvent the stay on proceedings imposed by Judge Smith [in the Second Action]."  (*Id.* at 3.)

On November 1, 2015 Judge Ditter denied the Motion to Stay Proceedings as moot and dismissed the Complaint for lack of subject matter jurisdiction "consistent with the disposition of the substantially identical complaint filed [in the Second Action] and dismissed by the Honorable Edward G. Smith on October 29, 2015."  (ECF No. 9 at 1.)  Judge Ditter also noted that the filing of the Complaint in the Third Action was an "attempt to avoid Judge Smith's rulings" and an "impermissible abuse of process that shall not be permitted."  (*Id.*)

On November 12, 2015 Mina filed a Motion for Reconsideration of the November 1, 2015 Order which Judge Ditter summarily denied on November 16, 2015.  (ECF Nos. 10–11.)  Mina filed yet another Motion for ECF Access on November 19, 2015.  (ECF No. 12.)  Without leave of Court, Mina filed an Amended Complaint and named Judge Ditter as a defendant on December 2, 2015.  (ECF No. 13.)  On December 17, 2015, the

case was reassigned from Judge Ditter to this Court. (ECF No. 14.) The same defendants who filed the October 26 Motion to Stay Proceedings filed another such motion. (ECF No. 15.)

On January 25, 2016 Mina filed a Praecipe to Issue Summons, a Motion for ECF Access, a Request for Default Judgment against several defendants, a Motion for Extension of Time to serve the Amended Complaint and a Notice to the defendants that he would be publishing his filings in the case online beginning in February 2016. (ECF Nos. 16–20.) Mina also submitted an Opposition to the Motion to Stay Proceedings and a Preliminary Motion to Compel on March 2, 2016. (ECF Nos. 21–22.)

This Court ruled on all of Mina's pending motions on March 10, 2016. (ECF Nos. 24–27.) The Court denied the Motion to Stay Proceedings as moot in accordance with Judge Ditter's November 3 and 16, 2015 Orders. (ECF No. 24.) The Court also dismissed Mina's Amended Complaint for lack of subject matter jurisdiction consistent with Judge Smith's dismissal of the substantially identical Complaint on October 29, 2015. (*Id.*) Finally, the Court denied all of Mina's January 25, 2016 motions as moot. (ECF Nos. 25–27.)

On March 23, 2015 Mina filed a Motion for Reconsideration of the Court's March 10, 2016 Order (ECF No. 28) and a "Notice to Judge Gerald J. Pappert and the U.S. Eastern District Court to Get Plaintiff's Case the Fuck Out of Their Court." (ECF No. 29.) The Court denied the Motion for Reconsideration on March 30, 2016. (ECF No. 30.) Mina filed three more motions on April 11, 2016: a motion for this Court's recusal, a Motion for Relief of Judgment from the March 10 Orders and a Motion for Reconsideration of the March 10 Orders. (ECF Nos. 31, 33, 35.) More than two months

later, on June 30, 2016, Mina filed another Motion for ECF Access. (ECF No. 37.) The Court denied each of Mina's motions. *Mina v. Chester Cty.*, No. CV 15-05452, 2016 WL 4039651, at *1 (E.D. Pa. July 28, 2016). The Third Circuit affirmed, noting that his filings "contain bizarre, abusive, and potentially threatening language." *Mina v. Chester Cty.*, 684 F. App'x 256, 260 (3d Cir.), *cert. denied sub nom. Mina v. Chester Cty., Pa.*, 138 S. Ct. 423 (2017). The Third Circuit further warned Mina that "duplicative or abusive filings will result in sanctions and filing restrictions." *Id.*

D

On October 1, 2015 Mina filed his "Fourth Action" and eighth case in the Eastern District. *See Mina v. U.S. E. Dist. Court of Pa.*, No. 16-cv-01013 (E.D. Pa. Mar. 2, 2016). That case differed from the First, Second and Third Actions in that Mina's Complaint names as defendants the Eastern District, Chief Judge Tucker and various Clerk's Office employees ("the Federal Defendants"). (ECF No. 1 at 1.) The Complaint, similar to its predecessors, claims that the Federal Defendants conspired against Mina and failed to properly perform their judicial duties. (*Id.*) The Government filed a Statement of Interest on May 6, 2016, seeking to dismiss Mina's Complaint with prejudice and enjoin him from filing any further pleading "against any judge of the United States District Court for the Eastern District of Pennsylvania or any employee of the Clerk's Office for the same Court." (ECF No. 3 at 1.)

The Court dismissed Mina's Complaint with prejudice, finding the defendants were entitled to judicial immunity for all claims asserted against them. *Mina v. Chester Ct*y., No. CV 15-05452, 2016 WL 4039651, at *1 (E.D. Pa. July 28, 2016). The Court also enjoined Mina from filing any pleading, motion or papers in his previous

cases or any "new proceeding or action against the United States or any of its agencies or employees without first obtaining leave of Court." *Mina v. Chester Cty.*, No. CV 15-05452, 2016 WL 4039651, at *7 (E.D. Pa. July 28, 2016), *aff'd*, 684 F. App'x 256 (3d Cir. 2017). The Third Circuit affirmed, finding the District Court did not err in dismissing Mina's complaint nor in enjoining Mina from filing future lawsuits against the United States. *Mina*, 684 F. App'x at 256.

E

On June 12, 2018 Mina filed this "Fifth Action" and ninth case overall in the Eastern District. *See Mina v. Chester Cty., et al.*, No. 18-cv-02455 (E.D. Pa. June 12, 2018). He amended his Complaint on August 20, 2018. *See* (ECF No. 32). Mina again sues Chester County, public officials, judges, court employees and lawyers. This case differs from the previous actions in that he adds allegations against West Chester Borough, Borough Manager Michael Cotter, East Whiteland Township, and East Goshen Township Police Officer James Bilotta. His claims, however, generally remain the same: he contends, *inter alia*, that the defendants engaged in an expansive and wide-ranging conspiracy stemming from the handling of his criminal and civil cases in the Court of Common Pleas dating back to 1996.

Mina also alleges numerous state law defamation claims asserting damage to his reputation. He contends that Defendants "intentionally diminished Plaintiff's reputation as a hard working landscaper." (Am. Compl. ¶ 1.) He further alleges that Hogan defamed him in a Facebook post and as a result the "public has been enabled to mock and ridicule Plaintiff on the DA Tom Hogan Facebook page, assault Plaintiff, steal from Plaintiff, violate Plaintiff's rights and/or harm Plaintiff with no fear of being

held accountable[.]" (*Id.*) He contends that this purportedly defamatory conduct has caused him to suffer physically, emotionally, economically. (*Id.* at 5.)

Each defendant filed a Motion to Dismiss Mina's Amended Complaint. *See* (ECF Nos. 40, 42, 43, 44, 46, 47, 48.) Mina did not respond to any of those motions,[1] instead filing: multiple notices to "Judge Pappert, The Federal Bureau of Investigation and Pennsylvania Attorney General that [he] would like Judge Pappert to schedule brainscan lie detection," (ECF Nos. 15, 26, 62); a Motion to Order U.S. Eastern District Clerk of Courts to File the Exhibits to Plaintiff's Complaint and Amended Complaint using the CD Discs Provided with the Filing, (ECF No 36); Motion to Strike Mark A. Murray's Motion to Dismiss and to Sanction Mark A. Murray, (ECF No. 50); Motion for Payment of Costs, (ECF No. 54); Motion for Leave of Court to Order Plaintiff's Second Amended Complaint Filed/Unstricken, (ECF No. 56); Motion to Schedule Rule 26(F) Conference, (ECF No. 58) and Motion to Stay Determination of all Motions to Dismiss until after Rule 26(F) Conference, (ECF No. 59).

## II

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially

---

[1] Local Rule of Civil Procedure 7.1(c) permits the court to grant a motion as uncontested if the opposing party fails to file a timely response. *See* E.D. Pa. Loc. Civ. R. 7.1(c) ("In the absence of timely response, the motion may be granted as uncontested except as provided under Fed. R. Civ. P. 56."). Nonetheless, the Third Circuit has instructed that "a complaint should not be 'dismissed solely on the basis of the local rule without any analysis of whether the complaint failed to state a claim upon which relief can be granted.'" *See Abdullah v. Small Bus. Banking Dep't of Bank of Am.*, 628 F. App'x 83, 84 (3d Cir. 2016) (quoting *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)).

plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

## III

Mina's Amended Complaint alleges eight causes of action: (1) violation of Plaintiff's 1st, 4th, 5th, 8th and 14th Amendment rights under 42 U.S.C. § 1983; (2) conspiracy to violate Plaintiff's rights under 42 U.S.C. 1985; (3) claims under 42 U.S.C. § 1985 and § 1986; (4) claims under 42 U.S.C. § 1981; (5) defamation of character under state law; (6) intentional infliction of emotional distress under state law; (7) damages to reputation under state law and (8) involuntary servitude under 42 U.S.C. § 1983.

## A

First and foremost, Mina's claims are frivolous. "The court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011).

Mina's Amended Complaint invokes the same general theme, and says many of the exact same things, as his previous filings; that various Chester County officials have conspired against him for decades, which has affected his business, reputation, access to his medical records and child-custody proceedings. (*See* Am. Compl. at 1–3). He makes numerous contentions that are apropos of nothing, including that "God gave us all the seed bearing plants (including marijuana) to use," that marijuana "should be legal for medical uses," that Chester County "excludes non-Judeo-Christian winter displays from the courthouse grounds," and that Chester County is the "wealthiest county in Pennsylvania and the 24th wealthiest in the Nation." *See* (Am. Compl. ¶¶ 7, 8, 11, 18). As the Third Circuit has previously described Mina's ramblings, they are obviously frivolous, devoid of merit and no longer open to discussion. *See Mina v. Chester Cty.*, 679 F. App'x 192, 195 (3d Cir. 2017) (citations omitted).

To the extent Mina comes up with claims not previously disposed of, such as those against West Chester Borough, Borough Manager Cotter, East Whiteland Township and Officer Bilotta, he fails to state a claim for which relief may be granted. Mina's random, disjointed allegations against these defendants appear to be part of the

larger conspiracy against him in Chester County. For example, Mina alleges that Cotter and West Chester Borough discriminated against him when they refused file a complaint on his behalf under the Borough's Anti-Discrimination ordinance against a private company because the company refused to publish his advertisements, (Am. Compl. ¶¶ 76–81); that West Chester Borough violated his rights when they issued him a parking ticket, (*id.*); and that Officer Bilotta violated his rights when he threatened to arrest Mina for obstructing/impeding traffic. (Am. Compl. ¶ 46.) Nothing here gives rise to a cognizable federal claim and, in any event, because Mina has advanced an "indisputably meritless legal theory," *Neitzke*, 490 U.S. 319 at 327, his claims are dismissed as frivolous.

## B

Mina's claims against Chester County, Hogan, Murray, Handy, Rivera, Muth, Kraut, MacElree Harvey, LTD and perhaps others are also barred by the doctrine of *res judicata*, which precludes claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). A district court may grant a Rule 12(b)(6) motion based on an affirmative defense, such as *res judicata*, "if the predicate establishing the defense is apparent from the face of the complaint." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 n.10 (3d Cir. 1978).

"A party seeking to invoke *res judicata* must establish three elements: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). A *res judicata* analysis "does not depend on the specific

theory invoked, but rather [on] 'the essential similarity of the underlying events giving rise to the various legal claims.'" *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) (quoting *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982)).

Here, it is apparent from the face of Mina's Amended Complaint that his claims under federal law against Chester County, Hogan, Murray, Handy, Rivera, Muth, Kraut and MacElree Harvey are barred by the doctrine of *res judicata*. Mina seeks to relitigate the same issues against these defendants already decided in his previous cases.[2] Indeed, causes of action (1)–(4) of the Amended Complaint are the exact same in each of Mina's filings. *See* (Am. Compl. at 24). Mina simply repeats the same allegations of an ongoing criminal and civil conspiracy that have underscored his previous complaints. *See* (Am. Compl. at 2).

## C

Mina's federal claims are also time-barred. Because many federal statutes, including §§ 1981, 1983, 1985, and 1986, do not contain a statute of limitations, the Supreme Court has held that federal courts should generally apply "the most appropriate or analogous state statute of limitations." *Wilson v. Garcia*, 471 U.S. 261, 266 (1985).

Claims brought pursuant to 42 U.S.C. §§ 1983 and 1985 are subject to the state statute of limitations that govern actions for personal injury. *See, e.g.*, *Ormsby v. Luzerne County Dep't of Pub. Welfare Office of Human Servs.*, 149 F. App'x 60, 62 (3d Cir. 2005). *See* 42 P.S. 5524. Pennsylvania's statute of limitations for personal injury

---

[2]     Mina sued Defendants Hogan, Handy, Rivera and Muth in his first three federal actions; he sued Chester County, Murray, Kraut and MacElree Harvey in his second and third actions.

claims is two years; therefore, a plaintiff has two years from the time his § 1983 and § 1985 claims accrue to institute a lawsuit. *See id.*; *see also, e.g.*, *Ormsby*, 149 Fed. Appx. at 62. Claims filed under § 1981 are subject to a four-year statute of limitations. *See* 28 U.S.C.A. § 1658 (West); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–384 (2004). In contrast, claims brought pursuant to § 1986 are subject to a one-year statute of limitations. *See* 42 U.S.C. 1986. "A cause of action filed under §§ 1981, 1983, 1985 or 1986 accrues 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Jordan v. Crandley*, No. CIV. A. 99-CV-915, 1999 WL 718616, at *1 (E.D. Pa. Sept. 7, 1999), *aff'd*, 242 F.3d 371 (3d Cir. 2000). The events that serve as the basis for Mina's civil rights claims occurred before June 12, 2014, four years before his filing date. His allegations arise out of events and alleged injuries dating back to 1996 when he was "sprayed with an irritant while handcuffed in the back of a police car for arguing with a female officer in 1996" and "arrested and detained without probable cause for an assault on April 1, 2007."[3] (Am. Compl. at 5.)

D

Mina's federal claims are the bases of this Court's jurisdiction. Because all of the claims over which this Court has jurisdiction are dismissed, pursuant to 28 U.S.C. § 1367(c)(3) the Court declines to exercise supplemental jurisdiction over whatever state law claims Mina purports to allege.

---

[3]    Mina appears to allege that his claims are not time-barred because of the continuous violations doctrine and fraudulent concealment doctrines. *See* (Am. Compl. ¶¶ 90–93, 115). The continuous violations doctrine focuses "solely on 'continual unlawful acts, not continual ill effects from an original violation'." *Gould v. Britsol Borough*, 615 Fed. Appx. 112, 116 (3d Circ. 2015). The fraudulent concealment doctrine requires some level of fraud in the broadest sense, which includes an unintentional deception. *See Fine v. Checcio*, 582 Pa. 253, 271 (2005). The plaintiff has the burden of proving fraudulent concealment by clear, precise, and convincing evidence. *Molineux v. Reed*, 516 Pa. 398 (1987). Neither doctrine saves Mina.

IV

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). In their uncontested motions, Chester County, Hogan, Handy, Murray, Rivera and MacElree Harvey ask the Court to enjoin Mina from filing additional actions against them.

"There are three requirements that must be met before a court may issue such an injunction: (1) the litigant has been continuously abusing "the judicial process by filing meritless and repetitive actions," (2) the court provides notice to the litigant, and (3) the injunction is "narrowly tailored to fit the circumstances of the case before the District Court." *Brow*, 994 F.2d at 1038. While "*pro se* litigants are not entitled to special treatment," *Brown v. City of Phila.*, Nos. 06-2496, 06-5408, 2009 WL 1011966, at * 15 (E.D. Pa. Apr. 14, 2009), the use of a pre-filing injunction against a *pro se* litigant "must be approached with caution." *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) (citing *In re Oliver*, 682 F.2d at 445).

If Mina cannot be enjoined from further abusing the judicial process, filing injunctions should cease to exist. He has established a pattern of "abusive, groundless and vexatious conduct" that satisfies the first prong of the test laid out in *Brow*. This case marks the fifth time that Mina has filed a lawsuit in federal court based on the alleged conspiracies operating against him in Chester County. All four of Mina's previous lawsuits, recounted above, "have lacked merit and have been dismissed."

*Bishop v. Dep't of Homeland Sec.*, No. 14-cv-5244, 2015 WL 2125782, at *8 (D.N.J. May 6, 2015), *aff'd sub nom.*, No. 15-2605, 2016 WL 1743491 (3d Cir. May 3, 2016).

In addition to Mina's meritless and frivolous filings, he frequently sends letters to the Court via mail and email. Some letters are related to his lawsuits, while others deal with his personal life. In an email sent on October 18, 2018, Mina informed the Court that his work truck "will be getting serviced at Gallagher's Auto Service today . . . I thought a judge obligated to protect the public might be concerned because my truck was discovered to be missing emergency brakes and my truck is parked on a hill at home." In another email also sent on October 18th, Mina provided explicit details to the Court about one of his sexual encounters.

Moreover, Defendants' motions to dismiss provided him with sufficient notice that such an injunction may be imposed with respect to filings against them. In *Bishop v. Dep't of Homeland Sec.*, No. CIV. 14-5244 FLW, 2015 WL 2125782, at *8 (D.N.J. May 6, 2015), *aff'd sub nom.*, *Bishop v. U.S. Dep't of Homeland Sec.*, 648 F. App'x 180 (3d Cir. 2016), the court found that the notice requirement of the pre-filing injunction test was satisfied where the Plaintiff received Defendant's properly-served motion seeking an injunction and had an opportunity to respond through an opposition brief. Here, Mina was put on notice about the possibility of a pre-filing injunction in Defendant's motions to dismiss. Mina had the opportunity to respond to these motions, but he has not done so.[4]

With the requirements for issuing a pre-filing injunction satisfied, the Court must fashion a narrowly tailored injunction. Mina has established a pattern of

---

[4] Mina's Motion to Strike Defendant Mark Murray's Motion to Dismiss, (ECF No. 50), further demonstrates that Mina is on notice for the request of an injunction.

commencing suits against Chester County, its employees, judges and lawyers, among others. As a result of Mina's "continuous pattern of groundless and vexatious litigation," he is enjoined from filing or causing to be filed any pleading, motion or other paper in Civil Action Numbers 13-07622, 14-06261, 15-05452, 16-01013 and 18-02455 or any other new proceeding or action against Hogan, Handy, Murray, Rivera, MacElree Harvey and Chester County or any of its agencies or employees without first obtaining leave of Court. *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J